## MANUFACTURERS' & MERCHANTS' BANK *v.* JENKS FOLLETT.

A note payable to the order of W. was before issue indorsed by F. It was signed by G., and this signature was at the request of W. changed to "G., agent." The note was given for G.'s private debt. F. did not assent to the change, and there was no evidence to show that G.'s principals were accustomed to pay notes drawn in this form.

In an action against F.: *Held,* that the change was immaterial.

*Held,* further, affirming *Mathewson* v. *Sprague,* 1 R. I. 8, and *Perkins* v. *Barstow,* 6 R. I. 505, that F. was not entitled to notice of non-payment.

APPEAL from the Court of Common Pleas, heard by the court, jury trial being waived.

*August* 29, 1874. DURFEE, J. This is an action on a promissory note, heard by the court, jury trial being waived. The note on its face is in these words:—

"$1,276 $\frac{80}{100}$. Sheldonville, *July* 1st, 1872.

"Four months after date I promise to pay to the order of H. W. & J. M. Wetherill, twelve hundred and seventy-six dollars $\frac{80}{100}$ at the National Bank of Wrentham, value received.

"(Signed) B. H. Guild, Agent."

On the back the note has the signature of the defendant and the indorsement of the payees. The word "agent" was not on the note when it was signed by the defendant. It was added at the request of the payees, to whom the note was taken to pay a debt which Guild owed them. The defendant was not present and did not assent to the addition. Guild was at the time agent for certain persons, but it does not appear that his principals had ever paid a note signed by him in this form, or indeed that he ever, in the course of his agency, made a note in this or any other form. The defendant is sued as a maker or guarantor. He claims to be discharged by reason of the alteration. If the alteration is material he is discharged; otherwise not. *Arnold, Barbour & Hartshorn* v. *Jones*, 2 R. I. 345.

In Byles on Bills it is said that the rule of law as to simple contracts in writing, other than bills and notes, is, that parol evidence is admissible to charge unnamed principals; but that it is conceived that the law as to negotiable instruments is different in one respect, to wit, that when the principal's name does not appear, he is not liable on a bill or note as a party to the instrument. Byles on Bills, *37.

In *Pentz* v. *Stanton*, 10 Wend. 271, a bill of exchange was drawn by one Henry F. West, by the name and description of H. F. West, agent; but without any specification of the name of the principal. The court held that the principal could not be charged as the drawer of the bill.

In *Beckham* v. *Drake et als.* 9 M. & W. 79, where it was held that the real party in interest under a written contract might be shown and charged by oral evidence, the court except negotiable instruments from the application of the rule, Lord Abinger saying, " Cases of bills of exchange are quite different in principle. By the law merchant, a chose in action is passed by indorsement, and each party who receives the bill is making a contract with the party upon the face of it, and with no other party whatever." And see *Emly et al.* v. *Lye et al.* 15 East, 7 ; *Siffkin* v. *Walker et al.* 2 Camp. 308 ; *Bank of Brit. N. A.* v. *Hooper*, 5 Gray, 567 ; *Williams* v. *Robbins et al.* 16 Gray, 77.

In the case at bar the note was not given by Guild in the course of his agency, but for his own personal debt. In the absence of testimony to show that the principals have been in

the habit of paying notes drawn by him in this form, we do not see how the addition of the word "agent" to his signature can have any effect whatever, even if the rule were the same in regard to negotiable instruments as in regard to other parol contracts.

It seems to us that the alteration is entirely immaterial; or in other words, that, for anything that appears, the contract, with the word "agent" added to the signature, is precisely the same in legal effect as it was before the addition was made.

No notice of non-payment was required to be given to the defendant to bind him under the law in this state. *Mathewson* v. *Sprague*, 1 R. I. 8; *Perkins* v. *Barstow*, 6 R. I. 505.

*Judgment for plaintiff.*

*Wingate Hayes*, for plaintiff.
*Thurston, Ripley & Co.*, for defendant.